UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SID HENNING,

                              Plaintiff,

                -v-                                            14-CV-9798 (JPO)

NEW YORK CITY DEPARTMENT OF
CORRECTION, NEW YORK CITY                       OPINION AND ORDER
DEPARTMENT OF CORRECTION
COMMISSIONER'S OFFICE, ERIC M.
TAYLOR CENTER WARDEN'S OFFICE,
DEPUTY DURANT, CAPTAIN
CHRISTOPHER, and OFFICER BROWN,

                              Defendants.
----------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       Plaintiff Sid Henning commenced this 42 U.S.C. § 1983 action on December 8, 2014, alleging that he was denied adequate medical treatment and exposed to unconstitutional conditions of confinement while incarcerated in the Eric M. Taylor Center on Rikers Island between June and August 2013.[1]  (Dkt. No. 1)  In sum, he claims that he was held in an "extremely hot" cell without adequate ventilation and, because he is morbidly obese and suffers from hypertension, these conditions resulted in dangerously elevated blood pressure, dehydration, dizziness, cramps, blurred vision, and other effects.  (Dkt. No. 1 ¶ 14, 17; Dkt. No. 1-1 at 5-6.)  Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff did not exhaust his administrative remedies

---

[1] Plaintiff's complaint, because of a filing or clerical error, is filed on ECF in two parts, out of order, and without the first seven paragraphs of Plaintiff's factual allegations.  (*See* Dkt. Nos. 1, 1-1.)  Upon inspection of the case file, the Court found the missing factual paragraphs as well as two grievance forms that do not otherwise appear on ECF.  By separate order, the Court directs that a reconstructed version of the complaint be docketed on ECF.

1

before filing suit or, in the alternative, that his allegations do not state a constitutional claim. (Dkt. No. 21.) For the reasons that follow, the motion to dismiss granted in part and denied in part.

I.

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept as true all well-pleaded factual allegations in the complaint and "draw[] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks omitted).  Moreover, "[a] document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A.

As a preliminary matter, Defendants move to dismiss claims against all but three of the named parties. (Dkt. No. 21 at 4 n.1.)  The Complaint names as defendants the New York City Department of Correction ("DOC"), the New York City Department of Correction Commissioner's Office, and the Eric M. Taylor Center Warden's Office (collectively the "Municipal Defendants"), and Captain Michael Christopher, Deputy Warden Tony Durante, and Officer Brenda Brown (collectively the "Individual Defendants").  (Compl. at 1)  By order dated January 30, 2015, the Court dismissed claims against the DOC because, as an agency of the City of New York, it is not an entity that can be sued, and because Plaintiff has failed to allege that

the events at issue here resulted from a policy, custom, or practice under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). *See* N.Y. City Charter, Ch. 17 § 296; *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010). (Dkt. No. 9.)  For the same reasons, Plaintiff's claims against the remaining Municipal Defendants must also be dismissed, as these are divisions within the DOC. *See Evans v. Phoenix*, No. 96-CV-0185, 1997 WL 88843, at *1 (E.D.N.Y. Feb. 18, 1997).  And because Plaintiff has failed to state a claim under *Monell*, any claims against the Individual Defendants in their official capacities must also be dismissed. *See Davis v. Stratton*, 360 Fed. Appx. 182, 183 (2d Cir. 2010) ("[T]o obtain relief against the municipal officers, sued in their official capacity under 42 U.S.C. § 1983, [Plaintiff] must show that there existed a municipal policy that was being enforced to deny him his constitutional rights.") (citing *Monell*, 436 U.S. at 690).

B.

Defendants further argue that Plaintiff's Complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although exhaustion is a requirement for maintaining an action with respect to prison conditions, the "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004).

Moreover, the Second Circuit has recognized that "while the PLRA's exhaustion requirement is 'mandatory,' certain caveats apply." *Giano*, 380 F.3d at 677. "These caveats fall into three categories: when (1) administrative remedies are not available to

the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).  It follows that a claim should be dismissed for failure to exhaust only if "nonexhaustion is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane." *Lovick v. Shriro*, No. 12-CV-7419, 2014 WL 3778184, at *4 (S.D.N.Y. 2014) (internal quotation marks omitted); *see Torres v. Aramark Food*, No. 14-CV-7498, 2015 WL 9077472, at *3 (S.D.N.Y. Dec. 16, 2015).

Because the Eric M. Taylor Center on Rikers Island is a DOC facility, Plaintiff's administrative remedies are covered by the DOC's Inmate Grievance and Request Program ("IGRP").[2]  Under the IGRP:

> a prisoner who wishes to file a grievance must file a form with IGRP staff within ten business days of the condition giving rise to the grievance.  [DOC, Directive 3376] §§ II.F, IV.B.1.  IGRP staff are required to provide an "informal resolution" within five business days of receiving the form.  *Id.* § II.F.  The dispositions of IGRP staff are appealable through several layers of review, up to the DOC's Central Office Review Committee ("CORC").  *Id.* § II.G (providing for appeal of IGRP staffs disposition to Inmate Grievance Resolution Committee, then to facility's Commanding Officer, then to the CORC).  The administrative process is complete only when the CORC has issued its disposition.  *Id.*  The decisionmakers at each level of review must issue their decisions within certain time limits, *id.* §§ IV.G.1, H.1, 1.2, J.5.a-b, and an inmate may appeal if he "does not receive a timely disposition at any stage of the IGRP process," *id.* § IV.D.10.

*Garvin v. Rivera*, No. 13-CV-7054, 2015 WL 876464, at *3 (S.D.N.Y.  Feb. 28, 2015).

---

[2] The Court takes judicial notice of the IGRP, as courts regularly do in this district. *See, e.g., Myers v. City of New York,* No. 11-CV-8525, 2012 WL 3776707, at *4 n. 6 (S.D.N.Y. Aug. 29, 2012).  The IGRP directive that governs administrative exhaustion in this case is available on the Department of Correction's website.  *See* DOC, Directive 3376 (effective September 10, 2012), *available at* http://www.nyc.gov/html/doc/downloads/pdf/ Directive_3376_Inmate_Grievance_Request_Program.pdf.

In this case, Plaintiff claims that he "wrote numerous grievances" to the Grievance Office and received "no response."[3] (Dkt. No. 1-1; Dkt. No. 1 ¶ 15.) In addition, he alleges that he made in-person requests for accommodation to DOC staff, and that he wrote letters to Captain Christopher, "the security office," the Warden, and the Department of Correction's Commissioner's Office. (Dkt. No. 1 ¶¶ 13-15, 24-33.) But Plaintiff does not allege that he made appeals through, for instance, the Central Office Review Committee, as the IGRP process requires. *See* DOC, Directive 3376 § II.G. On this basis, Defendants argue the Complaint should be dismissed because it is "clear from the face of the [C]omplaint that the [P]laintiff did not exhaust his administrative remedies." (Dkt. No. 21 at 9.)

Dismissal at this stage would be inappropriate. In his opposition to the motion to dismiss, Plaintiff states that he "filed grievances concerning the allegations of the instant claim, and was told by grievance staff members that [he] couldn't file a grievance on those issues because they were not subject to the IGRP process . . . ." (Dkt. No. 25 ¶18.) Although this allegation appears in his opposition papers, the Court—consistent with its duty to liberally construe *pro se* pleadings—will credit Plaintiff's assertion in evaluating the sufficiency of his complaint. *See Lovick*, 2014 WL 3778184, at *2; *Rosado v. Herard*, No. 12-CV-8943, 2013 WL 6170631, at *2 (S.D.N.Y. Nov. 25, 2013) ("When a plaintiff is proceeding pro se, the Court also may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims.") Assuming this allegation is true, which at this stage the Court must do, it cannot be said that "nonexhaustion is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane." *Lovick*, 2014 WL 3778184, at *4. On the contrary, nonexhaustion may be excused where, as alleged here, "administrative remedies [were] not

---

[3] In commencing this action, Plaintiff submitted copies of four of the grievances referenced in his Complaint. (*See* Dkt. No. 1-1 at 5, 6; Dkt. No. 32)

available . . . ." *Ruggiero*, 467 F.3d at 176; *see Hill v. Tisch*, No. 02-CV-3901, 2009 WL 3698380, at *4 (E.D.N.Y. Oct. 30, 2009) ("[A]dministrative remedies may be deemed unavailable if the plaintiff was erroneously instructed by prison officials that he could not file a grievance, and [the] plaintiff in fact did not file a grievance on that misrepresentation.") Because "failure to exhaust is an affirmative defense under the PLRA" rather than a pleading requirement, *Jones*, 549 U.S. at 216, and because Plaintiff's papers suggest that nonexhaustion in this matter could be excused as unavailable, Defendants' motion to dismiss for failure to exhaust is denied.

C.

In addition, Defendants contend that the Complaint should be dismissed because it does not properly state a constitutional violation. In order to establish a claim "arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (citation and internal quotation marks omitted). Construing his pleading liberally, as it must, the Court determines that Plaintiff has adequately alleged both a sufficiently serious medical need and deliberate indifference on the part of the Individual Defendants. The motion to dismiss on this ground is, accordingly, denied.

II.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants shall answer the Complaint on or before February 10, 2016. Thereafter, the parties shall engage in discovery for a period of 60 days on the limited question of whether Plaintiff has met the requirements for exhaustion under the PLRA. At the close of discovery, Defendants may move for summary judgment on the subject of exhaustion. Following the resolution of such a motion, discovery on the other issues in this matter may proceed if appropriate.

The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED. Dated:

January 22, 2016
    New York, New York

                                         J. PAUL OETKEN
                                     United States District Judge

COPY MAILED BY CHAMBERS TO PRO SE PARTY